## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Regina Marie Toth<br>Frank Richard Toth Jr. | CHAPTER 13 |
| <u>Debtors</u> | |
| MTGLQ Investors, LP | |
| <u>Movant</u> | NO. 14-19133 SR |
| vs. | |
| Regina Marie Toth<br>Frank Richard Toth Jr. | |
| <u>Debtors</u> | 11 U.S.C. Section 362 |
| Frederick L. Reigle Esq. | |
| <u>Trustee</u> | |

### STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1.    The post-petition arrearage on the mortgage held by Movant on Debtors' residence is $5,657.01, which breaks down as follows:

Post-Petition Payments:            May 2016 through July 2016 at $1,543.67 each
Fees & Costs Relating to Motion: $1,026.00 ($850.00 fees and $176.00 costs)
**Total Post-Petition Arrears**        $5,657.01

2.    Debtors shall cure said arrearages in the following manner:

a). Within seven (7) days of the filing of this Stipulation, Debtors shall file an Amended Chapter 13 Plan to include the post-petition arrears of $5,657.01 along with the pre-petition arrears;

b). Movant shall file an Amended or Supplemental Proof of Claim to include the post-petition arrears of $5,657.01 along with the pre-petition arrears;

c).The new 410A form for the Proof of Claim shall not be required for this Amended or Supplemental Proof of Claim;

d). Maintenance of current monthly mortgage payments to the Movant thereafter.

3.    Should Debtors provide sufficient proof of payments (front & back copies of cancelled checks and/or money orders) made, but not credited, Movant shall adjust the account accordingly.

4.    In the event the payments under Section 2 above are not tendered pursuant to the terms of this stipulation, Movant shall notify Debtors and Debtors' attorney of the default in writing and Debtors may cure said default within FIFTEEN (15) days of the date of said notice. If Debtors should fail to cure the default within fifteen (15) days, Movant may file a Certification of Default with the Court and the Court shall enter an Order granting Movant relief from the automatic stay.

5.    The stay provided by Bankruptcy Rule 4001(a)(3) is waived.

6.    If the case is converted to Chapter 7, Movant shall file a Certification of Default with the court and the court shall enter an order granting Movant relief from the automatic stay.

7.    If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8.    The provisions of this stipulation do not constitute a waiver by the Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

9.    The parties agree that a facsimile signature shall be considered an original signature.

Date:  July 25, 2016

_Regina Marie Toth_
Regina Marie Toth

_Frank Richard Toth, Jr._
Frank Richard Toth, Jr.         Date:

Date:    8/8/16

/s/ Joshua I. Goldman, Esquire
Joshua I. Goldman, Esquire
Attorney for Movant
KML Law Group, P.C.
Main Number: (215) 627-1322

_Robert H. Holber_
Robert H. Holber Esq.
Attorney for Debtor

_Frederick L. Reigle_
Frederick L. Reigle, Esquire
Chapter 13 Trustee

Approved by the Court this _____ day of _____, 2016. However, the court retains discretion regarding entry of any further order.

_____
Bankruptcy Judge
Stephen Raslavich